[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2007
THOMAS K. KAHN
CLERK

No. 06-13418
Non-Argument Calendar

_____

D. C. Docket No. 05-01474-CV-ORL-31-DAB
BKCY No. 04-09253-BKC-KSJ

In Re: LINDA NOFZIGER,

Debtor.

_____

MITCHELL KALMANSON,

Plaintiff-Appellant,

versus

LINDA NOFZIGER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 9, 2007)**

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Mitchell Kalmanson, a creditor proceeding pro se, appeals the district court's order affirming the bankruptcy court's order denying (1) rehearing of its order denying Kalmanson's motion to aside an order sealing certain proceedings and documents which had been sealed to protect the safety of Nofziger, the debtor[1]; (2) his motion for relief from the automatic stay of the lawsuit he had filed in state court against Nofziger; and (3) his motion to dismiss Nofziger's Chapter 13 bankruptcy case. Kalmanson also appeals the district court's denial of his motion for reconsideration of that affirmance. We previously dismissed for lack of jurisdiction Kalmanson's challenge to the orders relating to Kalmanson's motion to dismiss.

First, we find no error in the denial of Kalmanson's motion for relief from the stay. Balancing the prejudice to the parties involved, the court found that both it and the state court could efficiently resolve Kalmanson's claims, and had the power to do so and that Kalmanson had waived any right to a jury trial by filing a proof of claim in the bankruptcy case. The court appropriately considered all factors as well as the possible prejudice to Kalmanson and we find no error either

---

[1] After the filing of Nofziger's bankruptcy case, the bankruptcy trustee conducted an 11 U.S.C. § 341 Meeting of Creditors. Nofziger then filed a motion under seal requesting that the bankruptcy court seal the tape and transcript of the § 341 hearing. In that motion, Nofziger asserted that she was a federally protected witness and she received a new identity and an alternate social security number within the past six years.

2

in its weighing process or in its conclusion.   The grounds articulated by the bankruptcy court for declining to lift the stay were reasonable and supported by the record, and, therefore its refusal to lift the stay was not an abuse of discretion.

Second, we have no jurisdiction to consider the district court's order affirming the bankruptcy court's order denying rehearing of its denial of Kalmanson's motion to set aside the order sealing certain parts of the proceedings or the denial of Kalmanson's motion for reconsideration of that affirmance.

**AFFIRMED IN PART, DISMISSED IN PART.**